```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

GARY L. STOLINSKI,

        Plaintiff,            Civil Action
                              No. 11-4378 (JBS/AMD)
   v.

LT. JAY PENNYPACKER, ET AL.      **OPINION**

        Defendants.

APPEARANCES:

Bernadette M. Hayes, Esq.
Kevin P. McCann, Esq.
Philip Anthony Davolos, Esq.
CHANCE & MCCANN LLC
201 West Commerce Street
P.O. Box 278
Bridgeton, NJ 08302
    Counsel for Plaintiff

Francis P. Maneri, Esq.
Jordan M. Rand, Esq.
DILWORTH PAXSON, LLP
1500 Market Street
Suite 3500e
Philadelphia, PA 19102-2101
    Counsel for Defendants

**SIMANDLE**, Chief Judge:

I.  **INTRODUCTION**

    This matter involving workplace retaliation is before the Court on Defendants' motion to dismiss Plaintiff's Complaint. [Docket Item 7.]  The principal issue is whether Plaintiff's claims are actionable despite the two-year statute of limitations; specifically, the issue is whether instances of allegedly retaliatory investigation, wrongful discipline, and the

institution of wrongful disciplinary proceedings prior to 2009 are nevertheless actionable because of post-2009 instances of retaliation or because of the ongoing nature of the disciplinary proceedings. For the reasons set forth in today's Opinion, the Court will dismiss the Complaint as largely time-barred, and otherwise insufficient to state timely claims.

## II. BACKGROUND

This Complaint arises out of a wider controversy between the parties, part of which was litigated in Civil Action 07-3174 before this Court. See Stolinski v. Pennypacker, 772 F. Supp. 2d 626 (D.N.J. 2011) ("Stolinski I"). In that earlier action, the Court considered and rejected Plaintiff's claim that he was maliciously prosecuted for credit card fraud, official misconduct, and identity theft.

A brief review of the facts and procedural history of that action is necessary to place the current civil action in the proper context. Plaintiff Gary L. Stolinski is a Sergeant with the New Jersey State Police. On July 15, 2005, a New Jersey grand jury indicted him on three criminal counts relating to his entering false information on credit card applications. One count of the indictment was based on Stolinski having obtained the social security number of an Arizona resident to commit identity theft. On December 2, 2005, the charges against Stolinski were dismissed by the prosecutor when she discovered

that, with respect to the identity theft charge, Stolinski had not obtained personal information from the Arizona resident; instead he had entered his business's tax ID in the application's space for a social security number, which tax ID is coincidentally identical to the Arizona resident's social security number. Id. at 630.

Plaintiff filed a malicious prosecution action (with some related claims) against the lead police investigator and his supervisors. The Court granted the defendants' summary judgment motion, finding that there was probable cause to believe Plaintiff committed some of the criminal conduct for which he was charged, and that this was sufficient to defeat a malicious prosecution action under the circumstances of this case. Specifically, the Court found that no reasonable jury could find that the lead investigator, Pennypacker, lacked probable cause to believe credit card fraud and official misconduct had occurred. Pennypacker had probable cause because the magnitude and nature of the pervasive pattern of material errors on the credit applications submitted by Stolinski, along with the other circumstances of this case such as his bleak financial situation, were evidence of a deliberate scheme to obtain credit under a false identity or based on fraudulent financial information while maintaining plausible deniability. Id. at 642.

Prior to the summary judgment motion, Plaintiff had moved to

supplement the Complaint in Civil Action 07-3174 with the allegations contained in the Complaint now before the Court. But a scheduling order of December 22, 2008 had set the deadline for amendment of the Complaint as February 27, 2009, over twenty months before Plaintiff eventually sought leave to amend in November 2010. Although the deadline for the completion of discovery was extended multiple times, Plaintiff had not sought any extension of the deadline for filing amended pleadings. Consequently, Magistrate Judge Donio denied the motion to amend and supplement, finding that the motion was unduly delayed, and would prejudice Defendants. The undersigned affirmed Judge Donio's Order. <u>Stolinski v. Pennypacker</u>, CIV. 07-3174 JBS, 2011 WL 3608685 (D.N.J. Aug. 15, 2011).

Plaintiff filed the present complaint on July 28, 2011, setting forth the allegations he unsuccessfully sought to add to the earlier docket. Plaintiff brings various causes of action relating to retaliation allegedly occurring in different forms from different superiors in the Police Department since March 2006. Plaintiff alleges that Defendants, including six new defendants not named in Civil Action 07-3174, retaliated against him for filing a notice of tort claims on March 6, 2006 and because his father filed a formal complaint with the State Police in December 2006.

The retaliation allegedly involved Defendant Pennypacker

unsuccessfully seeking in 2006 to convince federal prosecutors to bring federal charges related to Stolinski's credit card fraud and official misconduct; the police department bringing administrative proceedings to terminate Stolinski based on eight alleged violations of State Police Rules and Regulations, with official charges having been served on Stolinski on April 4, 2008; and the department changing the conditions of Stolinski's employment on July 2, 2010 by forcing Stolinski to surrender his weapon and vehicle and relinquish his police powers.

Defendants now seek to dismiss the Complaint, arguing among other things that the claims other than the claims about the July 2010 conduct are barred by the two-year statute of limitations, and that the July 2010 claims are insufficient to state a claim.[1]

## III. DISCUSSION

### A.  Standard of Review

To plead a claim sufficient to satisfy Rule 8, Fed. R. Civ. P., a complaint must plead those facts about the conduct of each

---

[1] Defendants also move pursuant to Rule 12(b)(1) to dismiss certain claims as barred by sovereign immunity, but it is unclear whether Plaintiff brought such claims.  The Complaint is ambiguous as to whether it seeks damages from the State and the individual defendants in their official capacities.  In light of Plaintiff's representation that he intended only to seek damages from individuals and prospective injunctive relief from the state and officials, the Court will read the Complaint consistent with that representation.  See Pl.'s Br. 7; see also Ex Parte Young, 209 U.S. 123 (1908); Cory v. White, 457 U.S. 85, 91 (1982); C.H. ex rel. Z.H. v. Oliva, 226 F.3d 198, 201 (3d Cir. 2000).

defendant giving rise to liability.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  These factual allegations must go beyond legal boilerplate and present a plausible basis for relief.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  In its review of a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff."  Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)  (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 663.  Therefore, to state a claim for relief, the complaint must plead concrete facts that plausibly suggest that legal misconduct has occurred (i.e., are not merely consistent with the possibility of misconduct).  If a statute of limitations bar is apparent from the face of the Complaint, then the statute of limitations may provide a basis for dismissal under Rule 12(b)(6).  See Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 n. 10 (3d Cir. 1978).

**B.  Statute of Limitations**

The parties agree that the statute of limitations on personal injury actions applies to all claims in this case, and

is two years.  See N.J. Stat. Ann. § 2A:14-2; see also Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987).  This Complaint was filed on July 28, 2011, and except for the allegations made about Defendant Scripture with respect to certain actions in July 2010, all of the conduct identified in the Complaint occurred before 2008.[2]  There is no dispute that Plaintiff was aware of each of these events when they occurred.

Plaintiff contends that the pre-2009 conduct is still actionable because the trial of the administrative charges is still continuing (as of the filing of the Complaint), and because Plaintiff is still subject to the restrictions imposed as a consequence of the earlier retaliatory decisions, such as the denial of Plaintiff's ability to accrue overtime and the required transfer to a desk job.

When unlawful conduct is made up of the aggregation of wrongs, no single one of which would give rise to a discrete claim, a suit can be timely brought so long as the pattern of actions continues into the applicable limitations period.  See National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 105 (2002).  A hostile work environment claim is the paradigm example

---

[2] The federal investigation ended in December 2006, Compl. ¶ 39; the administrative investigation ended in or around July 2007, Compl. ¶¶ 49-50; and the administrative charges against Stolinski were formally filed in April 2008, Compl. ¶ 51.

of such a continuing violation.³  By contrast, actions to remedy discrete improper employment decisions accrue when Plaintiff knows or should know of them, regardless of subsequent effects of that decision within the statutory period.  See Id. at 112-113.  But "[t]he existence of past acts and the employee's prior knowledge of their occurrence . . . does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory."  See Id. at 113.

The Complaint alleges that an improper administrative investigation was completed in June 2007.  Compl. ¶ 49.  Then, in April 2008, the State Police brought internal administrative charges based on the investigation, which have not yet reached a conclusion.  Compl. ¶ 51.  Wrongful workplace discipline and wrongful accusations of misconduct are discrete events for which claims accrue when the discipline is imposed or the accusation made, and are not subject to the continuing violation doctrine. See O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006). When judicial or quasi-judicial proceedings are improperly instigated and not within the scope of the habeas corpus statute, a § 1983 claim based on the improper proceedings or improper investigation accrues when the charges are brought.  Cf. Robinson v. County of Allegheny, 404 F. App'x 670, 673 (3d Cir. 2010)

---

³ Although Plaintiff occasionally uses the phrase "hostile work environment" in his briefs, he brings no hostile work environment claim in this action.

("[T]he inadequacies associated with the investigation of alleged child abuse had already occurred by the time the report was filed.  In sum, all of the harm of which she complains arose when the report was filed.").[4]  Each ongoing day of disciplinary proceedings does not represent a new discrete wrong, because the claim turns on the untimely claim that the proceedings were brought for retaliatory purposes.

Similarly, the fact that Plaintiff is still experiencing the effects of allegedly improper disciplinary actions does not make conduct outside the statutory period actionable, unless the effects themselves constitute standalone torts that do not require reference to the earlier conduct.  See Cowell v. Palmer Twp., 263 F.3d 286, 293 (3d Cir. 2001) ("[A] continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation.") (internal citation and quotation omitted).  Actions taken against Plaintiff before the beginning of the statutory period are discrete acts; that they continue to affect his employment conditions in the statutory

---

[4] See also Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1386 (3d Cir. 1994) ("A claim accrues in a federal cause of action as soon as a potential claimant either is aware, or should be aware, of the existence of and source of an injury.").  Perhaps, if Plaintiff experienced no injury from the institution of charges, an action based on retaliatory administrative proceedings could be said to accrue when the outcome injures Plaintiff.  But whether the claim accrues when the proceedings begin or end, the claim does not arise arbitrarily in the middle as necessary for this claim to be ripe but not time-barred.

9

period does not make them new independently actionable torts. See Morgan, 536 U.S. at 114-15.[5]

Finally, Plaintiff contends that the Complaint alleges specific acts that have occurred within the two-year statute of limitations that are actionable. The only such act the Complaint identifies is that on July 2, 2010, Sgt. Stolinski was ordered to surrender his weapon, relinquish his State Police vehicle, and sign a document relinquishing all police powers, at the direction of Defendant Scripture. If this conduct gives rise to a claim against Defendant Scripture, it would be timely. But the Complaint provides no basis for timely claims against the other Defendants.

In sum, Plaintiff attempts to tie together a number of discrete alleged wrongs into one course of conduct. But Plaintiff cannot aggregate timely and untimely claims that accrued at discrete times based on an allegation that it is all a wider scheme to persecute plaintiff. The Complaint only alleges tortious conduct within the two year period preceding July 2011 on the part of Defendant Scripture. That conduct does not provide a basis for litigating the time-barred claims against the

---

[5] The fact that Plaintiff alleges a conspiracy does not alter this result. A conspiracy plaintiff may recover for injuries incurred within the statute of limitations despite the plaintiff having learned of the conspiracy and its effects outside the statutory period, but not from the earlier-incurred injuries. See West Penn Allegheny Health System, Inc. v. UPMC, 627 F.3d 85, 2010 WL 4840093, at *14 (3d Cir. 2010).

other Defendants, because the other claims arise from discrete incidents.[6] Therefore, except for the claims arising from the July 2010 conduct, the Complaint will be dismissed as time-barred.

**C. Sufficiency of Allegations Against Fuentes, Gilbert, and Robb**

To the extent that Plaintiff intended to include Fuentes, Gilbert, or Robb in the claims arising from Scripture's July 2010 conduct, these Defendants must be dismissed from such claims. The only non-conclusory allegations in the Complaint directed at Defendants Fuentes, Gilbert, or Robb set forth these individuals' place in the supervisory structure of the police department and assert things like Defendant "engaged in many acts which constitute a violation of the Equal Protection Clause." Compl. ¶¶ 3, 7, 8. Plaintiff acknowledges that mere supervisory responsibility cannot be a basis for liability in this action, but contends that these individuals have supervisory liability for specific actions they took or failed to take. But the Complaint contains no factual allegations regarding the conduct these individuals engaged in. The Complaint must therefore must be dismissed with respect to these Defendants.

---

[6] Because Plaintiff's claims against these Defendants are time-barred, the Court need not reach the question of whether Plaintiff's claims would also be barred by either claim or issue preclusion, as Defendant contends.

**D. Sufficiency of Allegations Against Scripture**

The factual allegations regarding Defendant Scripture's conduct in July 2010 are as follows: (1) that without explanation or cause, at Scripture's direction, Captain Kirk McLaughlin ordered Plaintiff to surrender his weapon, relinquish his State Police vehicle, and sign a document relinquishing all police powers, Compl. ¶ 63; (2) that Scripture has not responded to Plaintiff's letters attempting to regain his police powers, Compl. ¶ 66; and that (3) these actions are intended to harm Plaintiff in retaliation for his filing a federal lawsuit and defending himself in the administative proceedings, Compl. ¶ 67. Based on these allegations, Plaintiff seeks to hold Scripture liable for First Amendment retaliation, violation of the Equal Protection Clause, violation of Plaintiff's substantive due process rights, and conspiracy. But these allegations do not suffice to state any of those claims.

1. <u>Retaliation</u>

In order to prove a case for retaliation under either the United States Constitution or New Jersey's Constitution, Plaintiff must allege facts to show a causal connection between some adverse action and the protected conduct. <u>Thomas v. Independence Twp.</u>, 463 F.3d 285, 296 (3d Cir. 2006); <u>Borden v. Sch. Dist. of Twp. of E. Brunswick</u>, 523 F.3d 153, 164 n.5 (3d

12

Cir. 2008) (noting that analysis of New Jersey's free speech clause is same as analysis under United States Constitution).

The only allegation relating to causation in the Complaint is entirely conclusory, stating, "the actions by Defendants are intended to impose financial hardship on Sgt. Stolinski and retaliate against him for both filing the federal lawsuits against Defendants and defending himself in the ongoing administrative proceedings." Compl. ¶ 67.  Plaintiff does not even allege that Scripture was aware of his lawsuits. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to state a legal claim.  See Iqbal, 556 U.S. at 663.

2. Equal Protection

To sufficiently state a claim for violation of Plaintiff's Equal Protection Clause rights, Plaintiff must allege facts to show that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  Plaintiff alleges that "Defendant Scripture treated Sgt. Stolinski differently than other similarly situated members of the NJSP," Compl. ¶ 4, but this is exactly the kind of formulaic recitation of the elements of the cause of

action that does not suffice.  See Iqbal, 556 U.S. at 663.[7] Plaintiff's brief declares that he "will obtain more information about these individuals through discovery."  But "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Iqbal, 556 U.S. at 678-79.

### 3. Substantive Due Process

"[E]xecutive action violates substantive due process only when it shocks the conscience."  United Artists Theatre Circuit, Inc. v. Twp. of Warrington, PA, 316 F.3d 392, 399-400 (3d Cir. 2003).  Stolinski has failed to allege anything more than that his superior removed his weapon and his police powers during the period in which Plaintiff was being charged with offenses that might lead to his termination.  Except to the extent that this conduct was retaliatory or a violation of the Equal Protection Clause, there is nothing about this conduct that suggests it was wrong, much less conscience-shocking.  On the contrary, without knowing more, the conduct seems reasonable and prudent.  Thus, the claim seems to rest entirely on the conclusory allegation

---

[7] Plaintiff does also allege that "[u]pon information and belief, other members of NJSP similarly situated as defendants in administrative proceedings face far more lenient discipline for misconduct that is far more serious than allegations against Sgt. Stolinski."  Compl. ¶ 55.  But in context, Plaintiff appears to be referring to ¶ 54, in which he alleges that he faces possible termination in the administrative proceedings, and is not referring to Scripture's conduct.  This allegation is too conclusory to state a claim in light of its unclear connection to Scripture's conduct.

that these actions were taken for retalaitory reasons and were discriminatory, claims which will rise or fall on those separate counts. Nicholas v. Pennsylvania State Univ., 227 F.3d 133, 143 n.3 (3d Cir. 2000) ("[C]laims governed by explicit constitutional text may not be grounded in substantive due process.").

4. Conspiracy

Because the substantive violations underlying the § 1983 conspiracy claim have otherwise been dismissed, the Court need only address the standalone § 1985(3) conspiracy claim separately. See Lake v. Arnold, 112 F.3d 682, 689 (3d Cir. 1997) (explaining basis for § 1983 claim). In order for Plaintiff to state a claim under § 1985(3), he must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006) (internal quotations and citations omitted). To successfully allege the agreement aspect of a § 1985(3) conspiracy, Plaintiff must allege sufficient factual matter to suggest an actual agreement was made for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws,

15

or of equal privileges and immunities under the laws.  <u>Twombly</u>, 550 U.S. at 556-57.  Section 1985(3) thus protects against invidious class-based discrimination where plaintiff is a member of a protected class.  <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971) ("The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.").  The Complaint contains no specific factual allegations to support a finding that a conspiracy was entered into, or that any such conspirator acted with the requisite purpose of invidious class-based discrimination.  It therefore fails to state a claim under § 1985(3).

**IV.   CONCLUSION**

Plaintiff waited until November 2010 to seek to bring these claims, and did not file the requisite new action until July 2011.  The vast majority of the claims are based on discrete events occurring more than two years before Plaintiff even attempted to bring these claims.  Because Plaintiff's claims are not for torts that are made up of aggregated small wrongs, the fact that Plaintiff complains of some conduct within the statutory period does not make the older claims actionable.  Moreover, the claims regarding conduct in the statutory period

16

are not pleaded with sufficient factual specificity to state a claim.  Therefore, the Court will dismiss the Complaint.

The dismissal with respect to the pre-2009 conduct will be entered with prejudice, as it appears to the Court that any amendment as to these claims would be futile since they are time-barred.  See In re NAHC, Inc., Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).  However, the dismissal of claims arising from the July 2010 restrictions on Plaintiff's employment will be entered without prejudice, as the reason for dismissal is insufficient pleadings which can potentially be remedied by more complete pleadings.  The accompanying Order will be entered.

**May 14, 2012**              **s/ Jerome B. Simandle**
Date                          JEROME B. SIMANDLE
                                Chief U.S. District Judge